COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
HENRY ROSEN (156963)
BRIAN O'MARA (229737)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
henryr@csgrr.com
bomara@csgrr.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBERT ALAN SCHECHTER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>ELDEN L. SMITH, et al.,<br><br>        Defendants. | No. 5:09-cv-01653-SGL(OPx)<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BARRY DONNELL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL<br><br>DATE:      November 30, 2009<br>TIME:      10:00 a.m.<br>COURTROOM: 1 |

**TABLE OF CONTENTS**

| | Page |
|---|---|
| I. PRELIMINARY STATEMENT | 1 |
| II. STATEMENT OF THE FACTS | 2 |
| III. ARGUMENT | 3 |
|     A. Barry Donnell Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff | 3 |
|         1. The PSLRA's Lead Plaintiff Provisions | 3 |
|         2. Mr. Donnell Satisfies the "Lead Plaintiff" Requirements of the Exchange Act | 4 |
|             a. Mr. Donnell's Motion Is Timely | 4 |
|             b. Mr. Donnell Has the Largest Financial Interest in the Relief Sought by the Class | 4 |
|             c. Mr. Donnell Satisfies Rule 23 | 4 |
|     B. The Court Should Approve Mr. Donnell's Selection of Counsel | 7 |
| IV. CONCLUSION | 8 |

## I. PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action brought on behalf of all those who purchased or otherwise acquired the common stock of Fleetwood Enterprises, Inc. ("Fleetwood") between December 6, 2007 and March 10, 2009, inclusive (the "Class Period"). The action alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Putative class member and proposed lead plaintiff Barry Donnell now submits this memorandum of law in support of his motion for an order: (i) appointing him as Lead Plaintiff; and (ii) approving his selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel for the class. 15 U.S.C. §78u-4(a)(3)(B).[1] This Motion is made on the grounds that, to his knowledge, Barry Donnell is the "most adequate plaintiff" as defined by the PSLRA. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Mr. Donnell suffered losses exceeding $137,000 during the Class Period and he otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.* at 729; O'Mara Decl., Ex. C.[2] Finally, Mr. Donnell has selected counsel with the experience necessary to vigorously

---

[1] Local Rule 7-3 requires a conference of counsel previous to filing motions. Mr. Donnell, however, does not know which other class members, if any, plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. In addition, Mr. Donnell respectfully submits that Local Rule 7-3 may be inapplicable to motions for selection of lead plaintiff and approval of lead counsel because such motions are mandated by federal statute. §21D of the Exchange Act as amended by the PSLRA, sets forth the procedure that must be followed for the selection of lead plaintiff and approval of lead counsel. *See* 15 U.S.C. §§78u-4, *et seq*. Under these circumstances, Mr. Donnell respectfully requests that the conferral requirement of Local Rule 7-3 be waived.

[2] References to the "O'Mara Decl." are to the exhibits attached to the accompanying Declaration of Brian O. O'Mara in Support of Barry Donnell's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel dated November 1, 2009 and submitted concurrently herewith.

- 1 -

and efficiently prosecute this litigation on behalf of the class. *See* O'Mara Decl., Ex. D.

## II. STATEMENT OF THE FACTS

Fleetwood, together with its subsidiaries, produces and distributes manufactured housing primarily in the United States and Canada, and at least until it filed for bankruptcy protection, described itself as "one of the nation's leaders in the production of both recreational vehicles and factory-built housing."

Throughout the Class Period, defendants made numerous positive statements regarding the Company's financial condition, business and prospects. These statements were materially false and misleading because defendants failed to disclose the following adverse facts, among others: (i) that demand for Fleetwood's manufactured houses and the big homes-on-wheels was rapidly declining, and was adversely affecting the Company's liquidity; (ii) that the Company's RV Group sales, especially in its travel trailer division, were declining because of softening consumer demand due to high gasoline prices and the credit crisis; (iii) that the Company's financial condition was declining precipitously such that the Company was nearing insolvency and would have to file for bankruptcy protection; and (iv) based on the foregoing, defendants had no reasonable basis for their positive statements regarding the Company's ability to control its deteriorating financial condition.

On March 10, 2009, Fleetwood issued a press release announcing that it had "filed voluntary Chapter 11 petitions for itself and certain operating subsidiaries in the U.S. Bankruptcy Court for the Central District of California." The Company also announced that it was closing its travel trailer division. As a direct result of information disclosed at the end of the Class Period, the price of Fleetwood common stock fell precipitously, falling to $0.0103 per share on March 10, 2009.

**III.   ARGUMENT**

    **A.   Barry Donnell Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

        **1.   The PSLRA's Lead Plaintiff Provisions**

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the first notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on September 1, 2009.[3]  *See* O'Mara Decl., Ex. A.  Within 60 days after publication of the notice, any person who is a member of the proposed class may seek to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

---

[3]   *Business Wire* is "a national, business oriented newswire service, as required by 15 U.S.C. §78u-4(a)(3)(A)(i)." *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 314 (S.D.N.Y. 2005).

- 3 -

>    (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. Mr. Donnell Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Mr. Donnell's Motion Is Timely

Mr. Donnell has timely filed his motion, within 60 days of the September 1, 2009, publication of notice, and has also duly signed and filed a certification evidencing, among other things, his willingness to serve as a representative party on behalf of the class. *See* O'Mara Decl., Ex. A. Accordingly, Mr. Donnell has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff considered by the Court.

#### b. Mr. Donnell Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Donnell purchased 100,000 shares of Fleetwood common stock and suffered losses exceeding $137,000 in connection therewith. *See* O'Mara Decl., Ex. C. To his knowledge, this represents the largest financial interest in the relief sought by the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

#### c. Mr. Donnell Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

    (1) the class is so numerous that joinder of all members is impracticable;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.*

While the PSLRA dictates that a lead plaintiff meet the requirements of Rule 23(a), "[a]t this stage of the litigation, 'nothing more than a preliminary showing is required' with respect to typicality and adequacy." *Apple v. LJ Int'l, Inc.*, No. CV 07-6076-GAF(JWJx) 2008 U.S. Dist. LEXIS 12618, at *16 (C.D. Cal. Feb. 8, 2008) (citation omitted). Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same event or course of conduct and are based on the same legal theories as the claims of all the class members. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999). The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include, among others, the following:

- Whether defendants violated the Exchange Act;

- Whether defendants omitted and/or misrepresented material facts;

- Whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

- Whether defendants knew or recklessly disregarded that their statements were false and misleading.

There is a well-defined community of interest in the questions of law and fact involved in this case, of which Mr. Donnell is a part. Mr. Donnell, in concert with the other members of the class, alleges that defendants violated the securities laws by publicly disseminating materially false and misleading statements, as well as statements which omitted material facts, about Fleetwood during the Class Period. As a result of defendants' fraudulent representations and omissions, Mr. Donnell, as well as all other members of the class, purchased Fleetwood common stock at artificially inflated prices and were damaged thereby. Because the claims asserted by Mr. Donnell are premised on the same legal and remedial theories and are based on the same types of misrepresentations and omissions as the class's claims, typicality is satisfied. *See* 7 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §22.24, at 107-08 (4th ed. 2002) ("The majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met.").

Under Rule 23(a)(4), a representative party must also "fairly and adequately protect the interests of the class." *Id*. A lead plaintiff is adequate when there exist both "'common interests between the proposed lead plaintiffs and the class, and a willingness on the part of the proposed lead plaintiff[s] to vigorously prosecute the action.'" *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004) ) (citation omitted) (alteration in original). Mr. Donnell is an adequate representative. As evidenced by his injuries, Mr. Donnell's interests are clearly aligned with the members of the class who also suffered damages due to defendants' wrongdoing and there is no evidence of any antagonism between Mr. Donnell's interests and those of the other members of the class. Moreover, Mr. Donnell's substantial losses motivate him to pursue this case

with vigor and he has retained competent and experienced counsel to assist in this process.

### B. The Court Should Approve Mr. Donnell's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Mr. Donnell has selected Coughlin Stoia as lead counsel for the class.

Coughlin Stoia is a 190-lawyer law firm that is actively engaged in complex litigation, emphasizing securities, consumer, and antitrust class actions. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 U.S. Dist. LEXIS 6958, at *18 (E.D. Pa. Jan. 30, 2008) ("'The firm is comprised of probably the most prominent securities class action attorneys in the country.'") (citation omitted); O'Mara Decl., Ex. D. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court finds that [Coughlin Stoia] will represent deftly the class's interests") and *In re Enron Corp.*, *Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. *See* O'Mara Decl., Ex. D.

Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia. *See Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31-CJC(RNBx) 2006 U.S. Dist. LEXIS 40607, at *36 (C.D. Cal. May 1, 2006) ("There is no real dispute among the movants regarding [Firm's] qualifications to

prosecute this action."); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (Coughlin Stoia is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions."). Accordingly, the Court should approve Mr. Donnell's selection of counsel.

## IV.  CONCLUSION

For all the foregoing reasons, Mr. Donnell respectfully requests that the Court: (i) appoint him as Lead Plaintiff; (ii) approve his selection of Coughlin Stoia as Lead Counsel; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  November 2, 2009                    Respectfully submitted,

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
HENRY ROSEN
BRIAN O. O'MARA


            s/ BRIAN O. O'MARA
            BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

Document1

CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

| | |
|---|---|
| Robert J. Dyer III<br>Jeffrey A. Berens<br>Dyer & Berens LLP<br>682 Grant Street<br>Denver, CO  80203-1764 | Corey D. Holzer<br>Michael I. Fistel, Jr.<br>Holzer Holzer & Fistel, LLC<br>200 Ashford Center North, Suite 300<br>Atlanta, GA  30338 |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 2, 2009.

 s/ BRIAN O. O'MARA
BRIAN O. O'MARA

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       bomara@csgrr.com

# Mailing Information for a Case 5:09-cv-01653-SGL-OP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kristopher Price Diulio**
  kdiulio@gibsondunn.com,dfkennedy@gibsondunn.com

- **Darren J Robbins**
  e_file_sd@csgrr.com

- **Samuel H Rudman**
  srudman@lerachlaw.com

- **Wayne W Smith**
  wsmith@gibsondunn.com,dfkennedy@gibsondunn.com

- **David C Walton**
  davew@csgrr.com,e_file_sd@csgrr.com

- **Meryl L Young**
  myoung@gibsondunn.com,pmclean@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mario Alba                                                    , Jr
Lerach CoughlinStoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747

David A Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road  Suite 200
Melville, NY 11747
```